## WRIGHT *v.* THORNTON.

### (*Knoxville.* October 3, 1888.)

1. ADMINISTRATION. *Sale of lands to pay debts. Administrator a necessary party. Resignation.*

   A decree for sale of a decedent's lands to pay debts, rendered on application of creditors, is void, where the administrator, by reason of his previous resignation, is not before the Court, in his representative capacity, at time of its rendition.

2. SAME. *Case in judgment.*

   Under the facts of this record it is held that no administrator was before the Court at date of decree of sale.

---

### FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County. D. C. TREWHITT, J., sitting by interchange.

ELDER & WHITE, P. A. BRAWNER, J. A. CALDWELL, SHEPHERD & FRAZIER for Creditors.

TOM. FORT for Heirs.

SNODGRASS, J. The original bill by one of the creditors of the estate of D. D. Jones was filed against defendant Thornton as administrator with the will annexed, and Latiner I. Jones, the only child and devisee of D. D. Jones, January 21, 1887, to sell land to pay debts.

Petition of D. P. Henderson & Co. *et al.*, to become parties complainant, was filed April 6, 1887.

Judgment pro confesso was taken against Thornton April 26, 1887.

The prayer of the Henderson & Co. petition was granted and they were made parties May 4, 1887, and it was ordered that the bill be taken and stand as a general creditor's bill. Other creditors were given leave to become parties, and the Clerk and Master was directed to make publication requiring creditors to file their claims.

In the meanwhile the insolvency of the estate had been suggested by a creditor of the estate (March 21, 1887) in the County Court, and March 22, 1887, Thornton had petitioned the County Court to be allowed to resign.

His resignation was accepted, and he was discharged from the trust by the County Court on the 18th day of May, 1887.

On the 2d of June following, W. B. Seymour, D. W. Hughes *et al.* filed a bill alleging the suggestion of insolvency in the County Court and the resignation averring it to be invalid.

They sought to transfer the administration to the Chancery Court and to have their bill treated as a general creditors' bill for that purpose, or as petition in the cause of *Wright* v. *Thornton*.

Other petitions of creditors were filed in the cause, and September 28, 1887, the Chancellor pronounced a decree declaring that defendant Thorton, as administrator, having been

served with process before his attempted resigna-
tion in the County Court, the resignation did not
relieve him of his trust, and copy of decree was
directed to be served upon him.

A reference for an account of the estate was
at the same time made. Proof was taken and re-
port filed.

The administrator does not appear to have ex-
cepted or made any defense, but the guardian *ad
litem* of the minor defendant, the devisee of testa-
tor, D. D. Jones, excepted to depositions and re-
port.

These appear to have been in part sustained and
in part overruled, and another reference was or-
dered.

Another report was made. This was incidental
to the first.

It was confirmed without exception and there-
upon a final decree was pronounced in favor of
complainants and directing sale of the real estate.

The minor by guardian *ad litem* appealed and
assigns error.

The principal error assigned is that there was
no administrator of D. D. Jones, the testator be-
fore the Court, as a proper defendant to all the
bills and petitions when the final decree was ren-
dered. This assignment is good and is sustained.
Whatever might have been the effect of the resig-
nation of Thornton in the suit of Wright alone
against him, it is not material to discuss. There
was in that bill no effort made to transfer the

Wright v. Thornton.

administration as such to the Chancery Court, nor was the bill such an one as could have effected that result. The County Court had not lost jurisdiction of the administration by reason of the pending of that suit. No steps had been taken in it which deprived the County Court of that general jurisdiction before it accepted the resignation. On suggestion of insolvency a bill could have been filed, or the one pending so amended as to seek the transfer, but no such thing was done until the Seymour petition, which was filed *after* the resignation had been accepted.

It did not make allegations which would have authorized the appointment of an administrator by the Chancery Court, but might have done so, of course, if no one could be procured to administer in the County Court. Or, if such reason did not exist, complainants could have procured an administrator to be appointed in the County Court, and made him a defendant. But they could not proceed to a settlement of this estate and sale of the property without one, and there has been no administrator of the estate since the resignation of Thornton.

The decree of September 28, 1887, and subsequent reports and decrees were, therefore, void, and must be set aside, and the case remanded for further proceedings. The costs of this Court will be paid by complainants.